IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHERRY LYNN DOVE** | * | |
| | * | |
| v. | * | Civil Case No. MJG-17-2831 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the pending dispositive motion and to make recommendations pursuant to 28 U.S.C. § 636(b) and Local Rule 301.5(b)(ix). [ECF No. 5]. This Report and Recommendations addresses Defendant Commissioner of the Social Security Administration's ("the Commissioner's") Motion to Dismiss the Complaint Without Prejudice Or, In The Alternative, To Transfer Venue ("Motion to Dismiss or to Transfer Venue"), [ECF No. 17], and the Opposition thereto filed by Plaintiff Sherry Lynn Dove ("Plaintiff"), [ECF No. 18]. The Commissioner has not filed a reply. Having reviewed these filings, I find that a hearing is not necessary. *See* Loc. R. 105.6 (2016). For the reasons stated herein, I recommend that the Commissioner's Motion to Dismiss or to Transfer Venue be DENIED IN PART and GRANTED IN PART, and that venue be transferred to the United States District Court for the District of Columbia.

**I.    BACKGROUND**

On September 22, 2017, Plaintiff filed a Complaint against the Commissioner in the United States District Court for the District of Maryland. [ECF No. 1]. The Complaint invokes

42 U.S.C. § 405(g), which provides this Court with jurisdiction to review a final determination of the Commissioner. *Id.* at 3. Plaintiff alleges that she resides in Brampton, Ontario. *Id.* at 1. Plaintiff asks the Court to review the Commissioner's final decision regarding her denial of benefits. *Id.* at 4.

## II.     ANALYSIS

Sovereign immunity acts as a limiting principle on the jurisdiction of the federal courts because "[t]he United States, as sovereign, is 'immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976)). With respect to claims against the Commissioner, the Social Security Act (the "Act") provides a waiver of sovereign immunity and allows an individual to bring a claim arising under the Act in the circumstances outlined by 42 U.S.C. § 405(g).

42 U.S.C. § 405(g), the statute on which the Commissioner bases its motion, provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g). Additionally, pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Commissioner contends that Plaintiff's case should be dismissed without

prejudice or, in the alternative, transferred, because Plaintiff is a current resident of Chino, California and has not established that, during any relevant period, she has resided or had a principal place of business in Maryland.  [ECF No. 17, at 2] (citing *Phillips v. Soc. Sec. Admin.*, 537 F. App'x 268, 268-69 (4th Cir. 2013)).

Plaintiff objects to dismissal or transfer of venue.  *See* [ECF No. 18].  Although she concedes that she has not resided or maintained a principal place of business in Maryland, Plaintiff argues that she did not reside in the United States when she filed this action and does not plan to remain in California long-term.  *Id.*  Because her attorney is in Maryland, Plaintiff contends that it represents "the most stable venue."  *Id.* at 3.  The location of a claimant's attorney, however, does not confer venue under the statute.  Since Plaintiff fails to show that she presently resides or has a principal place of business in Maryland, this Court lacks subject-matter jurisdiction over this case according to 42 U.S.C. § 405(g).  *See Phillips*, 537 F. App'x at 268-29.

Because dismissal would preclude Plaintiff from refiling her claim, the interest of justice requires that this Court transfer Plaintiff's case to "any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  According to the Complaint, Plaintiff lived in Brampton, Ontario on September 22, 2017, when she filed this action.  [ECF No. 1].  Accordingly, as of that date, Plaintiff could have filed her case in the United States District Court for the District of Columbia, since she did not then reside or have a principal place of business in any judicial district within the United States.  42 U.S.C. § 405(g).  Although Plaintiff opposes transfer as a general matter, Plaintiff expressed a preference for transfer to the District of Columbia, rather than California.  Accordingly, I recommend that the Court transfer this action to the United States District Court for the District of Columbia.  *See* 28 U.S.C. § 1406(a); *see also Davis*

3

*Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F. Supp. 2d 464, 470 (D. Md. 2004) ("Transfer is more in the interest of justice than dismissal.") (citations omitted).

### III.   CONCLUSION

For the aforementioned reasons, I recommend that the Commissioner's Motion to Dismiss the Complaint Without Prejudice Or, In The Alternative, To Transfer Venue, [ECF No. 17], be denied in part as to dismissal and granted in part as to the transfer of venue to the United States District Court for the District of Columbia.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

### IV.   NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  January 12, 2018                              /s/                         
                                                   Stephanie A. Gallagher
                                                   United States Magistrate Judge